BARHAM, Justice
(dissenting).
Defendant reserved Bill of Exceptions No. 1 when the trial court declined to abandon a procedure of pre-instruction of prospective jurors with corresponding curtailment of voir dire examination by the State and the defense in favor of the more widely used method of broad questioning on voir dire. Bill of Exceptions No. 3 was reserved when the trial court sustained numerous State objections to voir dire inquiry by defendant concerning matters covered by the court’s broad pre-instruction.
Defendant argues that the curtailment of the scope of the voir dire which resulted from the use of the pre-instruction technique reduced his opportunity to gain knowledge upon which to exercise his right to challenge jurors peremptorily or for cause. He also argues that the pre-in-struction procedure (and the 24-hour continuance which he requested and which was granted in order to allow him to adjust the rhythm of the defense to the new procedure) added to the slow pace of the trial and caused prejudice against him.
In brief, the State argues that the procedure used had been authorized in State v. Sheppard, 263 La. 379, 268 So.2d 590 (1972), that the Sheppard opinion was the law at the time of defendant’s trial and that the Sheppard decision was not affected until this Court decided State v. Jones, 282 So.2d 422 (La. 1973), wherein Sheppard was overruled to the extent that it conflicted with principles there set forth. The State further argues that defendant has not pointed to any particular difficulty with any juror or jurors, has not shown that he was forced to accept an obnoxious juror, and has not shown that he suffered any violation of his constitutional rights.
In its per curiam, the trial court explained that the reason for utilizing the pre-instruction procedure was to minimize confusion of the jurors on the law to be applied. The pre-instruction on general principles of the law to be applied was accomplished by reading the instructions to the prospective jurors en masse and then asking the jurors as a body if they heard the instructions, if they understood the instructions as read, and if they were willing to accept and apply the law as given by the court. The prospective jurors were first expected to respond as a group after each of these three questions was asked by raising their right hands. Next, the jurors were polled individually and responded orally to each of these questions. The court’s per curiam points out that although the procedure was designed to prevent mere repetition of the points of law covered by the pre-instruction, a request to probe any particular prospective juror or jurors on any point of law covered in the pre-instruction, even if simply to determine whether the juror could and would apply the law, would be granted if a good reason therefor was stated. The per curiam further notes that objections to parts of the pre-instructions were allowed and that both the prosecution and the defense were permitted to present additional points of law for inclusion in the pre-instructions.
*759 Of course defendant has a constitutional right to peremptorily challenge jurors. La.Const. Art. 1, § 10. C.Cr.P. Art. 786 acknowledges this right by providing that defendant may examine prospective jurors and further provides that the scope of voir dire examination shall be within the discretion of the court. The discretion to be exercised by the trial court is discussed in State v. Hills, 241 La. 345, 129 So.2d 12 (1961), wherein this Court, in reversing a conviction, made the following statements:
“It is a general view as to voir dire examination that the defendant in a criminal prosecution is entitled to make reasonable and pertinent inquiries of the prospective juror so that he may exercise intelligently and wisely his right of peremptory challenge — since each party has the right to put questions to a juror not only to show that there exists proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will make a peremptory challenge. For this reason, a wide latitude is allowed counsel in examining jurors on their voir dire, and the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror’s mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner.”
In State v. Jones, supra, this Court discussed the discretion of the district court in limiting the scope of voir dire examination of prospective jurors. We held that the district court’s discretion is limited by the jurisprudence of this State as it existed at the time of the adoption of the Code of Criminal Procedure of 1966. We stated in that opinion:
“ * * * At that time, as noted in State v. Hills, counsel in criminal cases were allowed a wide latitude in voir dire examination, and ‘the scope of inquiry is best governed by a liberal discretion on the part of the court.' ”
In proceedings the transcript of which is attached to these bills of exceptions, the trial court stated its intention:
“ * * * to limit the examination of the State and the Defendant of the prospective jurors with regard to specific questions or interpretations ideas of the law in accordance with the Shepard [sic Sheppard] Decision of the Supreme Court * * *
When the defense counsel endeavored to exercise his right to examine the prospective jurors on voir dire, he asked questions concerning the prospective jurors’ understanding of the trial court’s instructions on certain points of law and their willingness and ability to apply the law as given. Objections by the State were sustained, the trial court ruling that all prospective jurors had sworn their understanding and their ability and willingness to apply the law.
We believe that the en masse instruction of a large body of prospective jurors, during which numerous highly technical and sophisticated principles of law are explained, and the subsequent perfunctory inquiry into the prospective jurors’ understanding of, and willingness and ability to accept and apply, these lengthy and complicated principles do not in any measure adequately provide the defendant (or the State) the means of securing information relative to these issues which would enable them to intelligently exercise the right to challenge peremptorily or for cause. Even the decision in State v. Sheppard, supra, acknowledges the well-established principle *760 that the scope of voir dire must be such that the defense and the State will be able to intelligently exercise the right to challenge peremptorily.
Defense counsel attempted to question one of the prospective jurors on such issues as the presumption of innocence, burden of proof, reasonable doubt, provocation, direct and circumstantial evidence, responsive verdicts and the defendant’s right to decline to testify in order to ascertain the juror’s understanding of these concepts and his willingness to apply the law as given by the court. Defense counsel was not permitted to ascertain the juror’s answers to these questions. The trial court’s refusal to allow defense counsel to follow this line of questioning was based solely on the fact that these issues had been covered in the lengthy and complicated en masse pre-instruction procedure where these and many other points of law were covered at one time. In my opinion, this procedure cannot be regarded as an adequate substitute for a direct, one-to-one and individual inquiry into each prospective juror’s understanding of the various points of law and willingness and ability to apply them.
While I am mindful of the fact that a judgment must not be reversed by our Court unless an error “ * * * constitutes a substantial violation of a constitutional or statutory right” (C.Cr.P. Art. 921), I am of the opinion that under thé circumstances present here the procedure of pre-instruction utilized, coupled with the attendant restriction of defendant’s right to examine prospective jurors on voir dire, effectively deprived the defendant of his right to conduct voir dire in a manner which would allow him to intelligently exercise his constitutional right of peremptory challenge. Contrary to the contention of the State in brief, I find that the defendant has shown that he has suffered a violation of a constitutional right.
For the reasons expressed hereinabove, I respectfully dissent.